UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEL and CHERIE IRISH, individually, and as a marital community; and as guardian ad litem of JANE DOE IRISH, a minor,<br><br>        Plaintiff,<br><br>  -vs-<br><br>WHITMAN COUNTY, a quasi-municipal corporation,<br><br>        Defendant. | NO. CV-05-134-LRS<br><br>ORDER |

    Before the Court is the Defendant Whitman County's Motion Re: FRCP 26 Production of Documents and Plaintiffs' Requests for Production (Ct. Rec. 15), filed November 8, 2005. Defendant requested a hearing date of December 5, 2005, without oral argument. Plaintiffs have not filed a written response to the instant motion.

**I. BACKGROUND**

    This matter arises from a complaint for negligence and violation of federally-protected civil rights. Plaintiffs allege that Howard Banks, a forty-year old former employee of Whitman County, had unlawful physical contact with Plaintiff Jane Doe Irish, including sexual intercourse. Complaint, ¶2.1. Plaintiffs further allege that Mr. Banks used/misused his authority and position as a law enforcement (corrections) officer to

ORDER - 1

accomplish the unlawful acts complained of.  Id., ¶¶2.3, 2.5.

Defendant request an order from the Court allowing Whitman County to produce the personnel file of Howard Banks as requested by Plaintiffs. Defense counsel represents that Plaintiffs have requested Mr. Banks' personnel file, including: 1) copies of any testing or examinations conducted, including polygraph testing, Minnesota Multiphasic Personality Inventory testing, psychological fitness testing, educational or aptitude testing; and 2) copies of any Personal History Statements filled out by Mr. Banks including, bit not limited to, his application for employment for the job of corrections officer in the Whitman County Jail for which he was hired.  Ct. Rec. 16, at 2.

Because the requested documents contained potentially private and/or confidential information regarding Mr. Banks, defense counsel sent a letter to him on October 5, 2005.  Id. On October 31, 2005, Mr. Banks sent a letter back to defense counsel indicating he did object to the production of his personnel file.  Ct. Rec. 16, Exh. B.

Defendant Whitman County does not object to the production of the documents requested by Plaintiffs.  However, given Mr. Banks' objection, defense counsel believes it is appropriate to produce the documents pursuant to a court order. Ct. Rec. 16, at 3.  Further, defense counsel relates that the Plaintiffs have indicated they have no objection to production subject to a protective order.  Id.

**II.  DISCUSSION**

Pursuant to Fed.R.Civ.P. 26(b)(1), parties to an action are entitled to liberal discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action. . ." Id.

ORDER - 2

At the discovery stage, parties are not limited to admissible evidence. "A discovery request is generally unobjectionable 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.' " *Marshall v. Bramer*, 828 F.2d 355, 358 (6th Cir.1987). Full discovery is particularly warranted where a case is based on federally-protected civil rights. See, e.g., *Irwin v. Airco Carbide*, 837 F.2d 724, 726 (6th Cir.1987); *Griffith v. Wal-Mart Stores, Inc.*, 163 F.R.D. 4, 5 (E.D.Ky.1995). Rule 26 further provides that upon a showing of good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

The Supreme Court has held that questions of evidentiary privilege arising in the course of the adjudication of federal rights are governed by the principles of federal common law. *United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989), citing Rule 501 of the Federal Rules of Evidence. In a federal civil rights action, federal law controls what evidence is privileged and discoverable. Fed.R.Evid. 501; *Horizon of Hope; Ministry v. Clark County, Ohio*, 115 F.R.D. 1, 4 (S.D.Ohio 1986). It also is well settled in other circuits that under federal law there exists no general privilege for personnel files, even those of law enforcement officers. See, e.g., *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.1991) (allowing discovery of records of police officer background check); *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980) (allowing discovery of EEOC personnel files); *Griffith v.. Wal-Mart Stores, Inc.*, 163 F.R.D. 4 (E.D.Ky.1995) (managerial personnel files properly discoverable); *Horizon of Hope*, 115 F.R.D. at 6 (police officer personnel files discoverable)*; Spell v. McDaniel*, 591 F.Supp.

1090, 1119 (E.D.N.C.1984).

The Ninth Circuit considers government personnel files "official information."  "Federal common law recognizes a qualified privilege for official information. (citation omitted). Government personnel files are considered official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990).  In order to determine whether personnel files sought are privileged, courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery. Id. at 1033-34. Such balancing should be conducted on a case by case basis, determining what weight each relevant consideration deserves in the fact-specific situation that is before the Court.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 663 (N.D.Cal.1987).[1]

This balancing test has been moderately pre-weighted in favor of disclosure:  Such pre-weighting is consistent with the well-established notion that because privileges operate in derogation of the truth finding process the law places the burden of proving all elements essential to invoking any privilege on the party seeking its benefits.  The pre-weighting also is consistent with the related idea that privileges generally are to be narrowly construed, and that doubts about their applicability are to be resolved in favor of disclosure. *Kelly,* 114 F.R.D. at 662.

There is no dispute that Mr. Banks, who is not a party to this suit, has not provided written consent for the disclosure of his personnel

---

[1]*Kelly* lists factors to be considered in balancing the plaintiff's interest in disclosure against the government's interest in confidentiality.

ORDER - 4

file. Although discovery standards under the Federal Rules of Civil Procedure permit access to relevant documents protected by the Privacy Act, 5 U.S.C. §552, those same standards give the district court ample discretion to fashion appropriate protective orders upon a showing of "good cause." Fed.R.Civ.P. 26(c).

In light of the allegations in the Complaint, the Court finds that Mr. Banks' personnel file may contain relevant information regarding this case. In a federal civil rights action, federal law applies to the determination of what evidence is privileged and discoverable. The Court must conclude that the personnel file at issue is discoverable.

Mr. Banks is not a party to this lawsuit, is no longer an employee of Defendant, and not the person from whom discovery is sought. Defendant desires to produce the file and is not asserting any government interest in confidentiality other than generally recognizing that the requested documents may contain potentially private and/or confidential information. The Court finds that there are potentially legitimate privacy and confidentiality concerns which are not sufficient to prevent discovery and can be accommodated with appropriate redaction procedures. Accordingly,

**IT IS ORDERED, ADJUDGED AND DECREED**:

1. Defendant's Motion Re: FRCP 26 Production of Documents and Plaintiffs' Requests for Production, Ct. Rec. 15, filed November 8, 2005, is **GRANTED**.

2. The documents included in Mr. Banks' personnel file shall be redacted to exclude social security numbers, and bank account and asset information, if any, contained in the records before they are provided

1 to counsel. Further, all nonpublic personnel records and information
2 produced pursuant to this order shall be used solely for purposes of this
3 litigation and shall not otherwise be disclosed, disseminated, or
4 reproduced.

5    3.   Counsel for defendant shall provide a copy of this Order to Mr.
6 Banks.

7    **IT IS SO ORDERED**. The District Court Executive is directed to file
8 this Order and provide copies to counsel.

9    **DATED** this 9th day of December, 2005.

11                                  *S/Lonny R. Suko*
                                   LONNY R. SUKO
12                    UNITED STATES DISTRICT JUDGE

ORDER - 6